UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Criminal No. 11-470 |
| ANDREW AUERNHEIMER | : | PROTECTIVE ORDER ON CONSENT |

This application having been opened to the Court by the United States (Paul J. Fishman, United States Attorney, by Michael Martinez and Zach Intrater, Assistant U.S. Attorneys, appearing) under Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order: to limit disclosure of protected materials provided by any Producing Party or Producing Parties (as defined in paragraph 5 below) pursuant to the Court's standing discovery order or Defendant's subpoenas, to expedite the flow of discovery material between the parties, to facilitate the prompt resolution of disputes over confidentiality, to protect personal identity information entitled to be kept confidential, to protect proprietary, secret or commercially sensitive information entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled; and

For good cause shown; and

The parties having consented;

IT IS on this 13th day of September, 2012,

ORDERED that:

1. Materials produced by AT&T Services, Inc. ("AT&T") or Apple, Inc. ("Apple"), or by the government but originally obtained from AT&T or Apple; whether as discoverable material under Fed. R. Crim. P. 16, possible Giglio material, or material covered by 18 U.S.C. § 3500 ("Protected Materials"), may be designated "Confidential Information" as set forth below. The protections afforded to Protected Materials by this Protective Order shall apply to information and items designated as Confidential Information as well as to any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.

2. "Confidential Information" shall mean tangible things or information (regardless of how generated, stored or maintained) for which good cause under Fed. R. Crim. P. 16(a) can be established.

3. AT&T and Apple contend that certain information that may be subject to production pursuant to the Defendant's subpoenas or otherwise should only be produced, if at all, on an attorneys' eyes only basis. The parties and producing parties have agreed that the producing parties need not at this time produce any materials they contend are entitled to this higher level of protection, pending efforts to negotiate a resolution of the issue or a ruling by the

Court if such negotiations are not successful, and subject to the resolution of any objections to the subpoena or other discovery requests, by motion or otherwise. The submission of this proposed Protective Order to the Court is without prejudice to any producing party's right to seek such a higher level of protection from the Court.

4. "Party" or "parties" shall refer to plaintiff United States of America and/or defendant Andrew Auernheimer.

5. "Producing party" or "producing parties" shall refer to the Plaintiff, Defendant, AT&T or Apple.

6. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than in the matter *United States v. Auernheimer*, Criminal No. 11-470 (D.N.J.) (the "Criminal Action"). All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this Criminal Action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the Defendant, the alleged co-conspirator, or any third party, including any expert or consultant to whom such Protected Materials are disclosed. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this

3

Order. Protected Materials must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. Information or items designated as "Confidential Information" shall not be disclosed to anyone other than (i) the parties in the Criminal Action; (ii) the parties' counsel of record in the Criminal Action (including attorneys, paralegals, secretarial staff, clerical, and other regular employees); (iii) consultants to and vendors of the parties' counsel of record (including trial consultants, jury consultants, and service vendors such as copying services retained in connection with this Criminal Action for purposes of preparing exhibits for court proceedings), provided that such persons must first execute a Declaration of Compliance as set forth in Exhibit A hereto; (iv) law enforcement personnel to whom it is reasonably necessary to disclose the information for this Criminal Action; (v) Experts (as defined below) to whom disclosure is reasonably necessary for this Criminal Action (except that Confidential Information shall not be disclosed to any expert who is a past or current employee or affiliate of Goatse or GNAA, or current employee of a competitor of the producing party); (vi) the Court and its

4

personnel; (vii) the Jury; and (viii) any other person only upon order of the Court following an opportunity of the producing party to be heard, or upon stipulation of the producing party.

8. "Expert" or "experts" shall mean a person with specialized knowledge or experience in a matter pertinent to the Criminal Action who has been retained by counsel of record in the Criminal Action to serve as an expert witness or as a consultant in this Criminal Action. Experts may only use Protected Materials in connection with the rendition of expert services to counsel for a party to this Criminal Action, and must agree to be bound by the terms of this Protective Order by signing a Declaration of Compliance as attached in Exhibit A hereto.

9. The parties shall be permitted to disclose Protected Materials in connection with the filing of motions with the Court, or for use at trial, subject to the limitations outlined in paragraphs 11, 12, 13, 14, 15 and 16.

10. If there is a need prior to trial or during trial to disclose the Protected Materials beyond that permitted by this Order, the Defendant will make an application to the Court upon notice to the government and to the producing party, requesting authorization. The producing party shall be provided an opportunity to oppose the application.

11. The United States may produce what it believes to be individually identifiable personal identity information, as defined in Rule 49.1 of the Federal Rules of Criminal Procedure. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306. The United States shall produce these documents unredacted to the Defendant. Upon producing these documents, the United States shall designate them as "Confidential Information" in the manner set forth in paragraph 14, below.

12. The parties shall not file Protected Materials with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal.

13. Within 90 days of the conclusion of this Criminal Action, including the exhaustion of direct and collateral appeals, the Defendant shall return the Protected Materials and all copies, as well as all notes, memoranda, summaries, or other documents containing information derived from the Protected Materials, to counsel for the producing party, or shall destroy them and certify in writing to counsel for the producing party that the documents have been destroyed. If any Protected Materials are used as defense exhibits

they shall be maintained with government exhibits so long as those are required to be maintained.

14. To designate materials "Confidential Information" under this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE ORDER."

15. The procedures for use of Protected Materials during any hearing or the trial of this matter shall be determined by the parties, the producing party, and the Court in advance of the hearing or trial. No party shall disclose Protected Materials in open court without prior opportunity for the producing party to be heard and consideration by the Court. The parties shall consider redacting confidential documents to remove individual identifiers, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the a person's name or other identifying information, request that any exhibit be placed under seal, and introduce summary evidence where practicable which may be more easily redacted.

16. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

17. Nothing in this Order shall prevent any party or producing party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. In particular, the parties and producing parties expressly contemplate that a modification of this protective order may be sought to provide for "attorney's eyes only" production of certain information and documents, should an agreement regarding the production thereof not be reached (see paragraph 3, above).

18. The failure to designate any materials as provided in paragraph 14 shall not constitute a waiver of a party's or producing party's assertion that the materials are covered by this Protective Order.

19. This Protective Order does not constitute a ruling or admission by any party as to whether any particular material is discoverable or admissible, nor is this order a ruling or admission by any party that any particular material is confidential or that it constitutes personally identifiable information. By signing this Protective Order, no party has waived the right to object to any confidentiality designation, discoverability or

admissibility of any material covered by this Protective Order.

*[Signature]*
HONORABLE SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

Accepted and Acknowledged:

PAUL J. FISHMAN
UNITED STATES ATTORNEY

BY: *[Signature]* (m)
Michael Martinez
Zach Intrater
Assistant U.S. Attorneys

*[Signature]*
Tor Ekeland, Esq.
Counsel for Defendant Auernheimer

# EXHIBIT A TO THE PROTECTIVE ORDER
## DECLARATION OF COMPLIANCE

1. My name is_____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have been engaged as_____ on behalf of_____ in the preparation and conduct of the matter *United States v. Auernheimer*, Criminal No. 11-470 (D.N.J.) (the "Criminal Action").

5. I have received a copy of the Protective Order dated _____, 2012, and I have carefully read and understand its provisions. I agree to comply with and be bound by all the provisions of said Order. I understand that I am to retain all copies of Protected Materials, as defined by the Protective Order, in a secure manner and in accordance with the terms of said Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information containing or reflecting any Protected Materials are to be returned to counsel who provided me with such material.

6. I will not divulge Protected Materials to persons other than those specifically authorized by said Order, and I will not copy or use except solely for the purpose of this Criminal Action, any Protected Materials obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Executed on _____, 20____.

1625825