# TOR EKELAND, P.C.
ATTORNEYS AT LAW

TOR EKELAND

tor@torekeland.com
(718) 515-6849 phone
(718) 504-5417 fax

April 14, 2014

**VIA ECF**

Hon. Susan D. Wigenton
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

     **Re:**    *United States v. Andrew Auernheimer*, **Criminal No. 2:11-cr-00470-001**

Dear Judge Wigenton:

As this Court is no doubt aware, a three-judge panel for the Third Circuit Court of Appeals unanimously reversed defendant Andrew Auernheimer's conviction on Friday. *United States v. Auernheimer*, No. 13-1816, 2014 WL 1395670 (3d Cir. April 11, 2014). They did so on the basis that venue in the District of New Jersey violated Mr. Auernheimer's substantial constitutional right to be tried in the state and district where the alleged crime occurred. *Id.* at *10 ("[T]he venue error here clearly affected Auernheimer's substantial rights."). The Court held that no jury could find that venue is proper in the District of New Jersey. *See id.* at n. 8 ("The question that we address today is whether a venue a defect could be harmless when there is no possibility that the jury could have found venue proper.") Therefore, Mr. Auernheimer moves this Court for an Order immediately dismissing the Indictment on grounds that venue in the District of New Jersey is unconstitutional. Additionally, we request that the Court immediately lift the terms of Mr. Auernheimer's supervised release and that his release be made unconditional. We have spoken with the government and were advised that it will be filing a letter shortly after this filing indicating its position. This request in no way constitutes a waiver of any rights or remedies that Mr. Auernheimer may possess in this or any other district in which charges relating to this prosecution may be brought.

We hope that this Court will accept this letter motion in lieu of a more formal application. Should the Court require additional briefing on this matter we are more than happy to provide it. However, should the Court require more briefing we request that the current conditions of Mr. Auernheimer's release be stayed pending the Court's decision, as it is our position that any conditions on Mr. Auernheimer's release right now are improper.

On Friday, April 11, 2014, Mr. Auernheimer discussed this matter with the government and agreed to move this Court for his immediate release subject to the terms of



his pretrial supervision because that would be the quickest way to obtain his release. Mr. Auernheimer had been placed in isolation in the Segregated Housing Unit at Allenwood Low FCI and was being denied his mail, books, periodicals, and my attorney-client communications with him were improperly opened by the jail. Our immediate concern on Friday was to free him from his unconstitutional imprisonment. However, we see no reason why his release should be subject to any conditions as the Third Circuit's decision is clear and unequivocal. Mr. Auernheimer spent a year in jail based on an unconstitutional prosecution and has suffered enough at the government's hands.

In its well-reasoned opinion, the Third Circuit examined each count of the Indictment and found that venue was improper. The first count, conspiracy to violate the CFAA § 1030(a)(2)(C) and (c)(2)(B)(ii) had two essential elements: (1) accessing without authorization and (2) obtaining information. The Circuit held that none of the alleged conduct for count one occurred in New Jersey:

> New Jersey was not the site of either essential conduct element. The evidence at trial demonstrated that the accessed AT&T servers were located in Dallas, Texas, and Atlanta, Georgia. App. 443-44. In addition, during the time that the conspiracy began, continued, and ended, Spitler was obtaining information in San Francisco, California (App. 233), and Auernheimer was assisting him from Fayetteville, Arkansas (App. 366). No protected computer was accessed and no data was obtained in New Jersey.

*Id.* at *5.

In addition to the federal crime, count one alleged a violation of a New Jersey statute. Its essential conduct elements are: (1) accessing without authorization (or in excess of authorization); and (2) disclosing data or personal identifying information. N.J. Stat. Ann. § 2C:20-31(a).

> Here, none of the essential conduct elements of a violation of the New Jersey statute occurred in New Jersey. As discussed, neither Auernheimer nor Spitler accessed a computer in New Jersey. The disclosure did not occur there either. The sole disclosure of the data obtained was to the Gawker reporter. There was no allegation or evidence that the Gawker reporter was in New Jersey. Further, there was no evidence that any email addresses of any New Jersey residents were ever disclosed publicly in the Gawker article. The alleged violation of the New Jersey statute thus cannot confer venue for count one.



*Id.*

Venue was equally improper in count two of the Indictment.  Count two charged Auernheimer with violating 18 U.S.C. § 1028(a)(7).  The essential elements of count two are: (1) the knowing transfer, possession or use without authority of another person's identifying information; and (2) doing so with the intent to commit a federal or state crime.  The Circuit found the government's arguments for venue unpersuasive:

> There was also no evidence that Auernheimer's transfer, possession, or use occurred in New Jersey. The Government advances two theories of how he could have satisfied this essential conduct element. First, it contends that he violated § 1028(a)(7) by knowingly using the ICC-IDs of other people's iPads to access AT&T's servers. See Gov't Br. 64-66. Venue fails under this theory because there was no allegation or evidence that he used the ICC-IDs in New Jersey. The alleged conspirators used the ICC-IDs in their account slurper program, which was programmed from California and Arkansas, and did not access any computer or obtain any information in New Jersey.

> The Government also argues that Auernheimer violated the statute by transferring the list of email addresses that he obtained to Gawker with the intent to violate the New Jersey computer crime statute. See Gov't Br. 67-69. But there was no allegation in the indictment or evidence at trial that the Gawker reporter to whom he transferred the email addresses was in New Jersey — and no essential conduct element of the alleged violation of New Jersey law occurred in New Jersey either.

*Id.* at **6-7.

The Circuit held that neither count of the Indictment supported venue in New Jersey and, therefore, the Indictment was insufficient.  Furthermore, this insufficiency could not be construed as harmless error:

> [T]he venue error here clearly affected Auernheimer's substantial rights. … The question "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).  The venue error in this case is not harmless because there was no evidence that any of the essential conduct



elements occurred in New Jersey. If Auernheimer's jury had been properly instructed on venue, it could not have returned a guilty verdict; the verdict rendered in this trial would have been different.

*Id.* at *10.

Therefore, for the above-stated reasons, we move this Court for immediate dismissal of the Indictment, without prejudice, and for the lifting of all conditions of release.

Respectfully submitted,

Tor Ekeland

cc:     Paul Fishman
        United States Attorney, New Jersey

        Gurbir S. Grewal
        Chief, Economic Crimes Unit
        U.S. Attorney's Office, DNJ
        970 Broad Street
        Newark, NJ 07102
        (p) 973.645.2931
        (c) 973.986.4595
        (f) 973.297.2045
        gurbir.grewal@usdoj.gov

        Zach Intrater
        Assistant United States Attorney
        Newark, New Jersey
        tel. (973) 645-2728
        zach.intrater@llsdoj.gov

        Christopher Kelly
        Assistant United States Attorney
        Newark, New Jersey
        christopher.kelly2@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

X_____ X
UNITED STATES OF AMERICA, :
                                         :     Criminal No. 2:11-cr-00470-001
                         Plaintiff,      :
                                         :     [PROPOSED] ORDER FOR
              v.                         :     DISMISSAL OF THE INDICTMENT
                                         :     AND DISMISSAL OF THE
ANDREW AUERNHEIMER,                      :     CONDITIONS OF SUPERVISED
                                         :     RELEASE
                         Defendant.      :
X_____ X

       Upon letter motion of the defendant Andrew Auernheimer, by his counsel, and
upon good cause being shown,

       **IT IS HEREBY ORDERED** that the indictment against Andrew Auernheimer be
dismissed and the conditions of his release be lifted, pursuant to a Third Circuit Court of
Appeals opinion and judgment in this matter issued on April 11, 2014, No. 13-1816,
reversing this Court's order entered on October 26, 2012, and vacating Mr.
Auernheimer's conviction entered March 18, 2013.

SO ORDERED.
Dated: April 14, 2014
Newark, New Jersey

                                 _____

                                 HON. SUSAN D. WIGENTON
                                 United States District Judge